## In re MARINE IRON WORKS.

(District Court, E. D. New York. March 14, 1908.)

1. BANKRUPTCY—INSOLVENCY—"MARKET VALUE" OF ASSETS—WHAT CONSTITUTES.

The fair "market value" of a corporation's assets, for the purpose of determining its solvency when it committed an alleged act of bankruptcy, was the value which the corporation might have realized on them for itself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 84.

For other definitions, see Words and Phrases, vol. 5, pp. 4383–4388; vol. 8, p. 7717.]

2. SAME.

Where, on creditors' petition in bankruptcy, issues as to the alleged bankrupt's solvency and indebtedness to petitioners have been found in their favor by a special commissioner, though the excess of liabilities over assets were not large at the time of the alleged act of bankruptcy; through disagreements between the bankrupt corporation's stockholders and outstanding judgments a forced sale would not have produced proceeds sufficient to meet the corporation's obligations; since the filing of the petition rent, receivership expenses, etc., have accrued, while the property has deteriorated; it appears that a refusal to confirm the commissioner's report would not put the corporation upon its feet. or bring about any benefit equitably; and some time has been given the parties to effect a satisfactory arrangement, and nothing has been done—a decision in favor of the creditors, and directing that an adjudication be had, will be entered.

In Bankruptcy.

Putnam, Twombly & Putney, for petitioning creditors.
L. W. Widdecombe, for alleged bankrupt.

CHATFIELD, District Judge. The Marine Iron Works is a corporation with comparatively few stockholders. Certain judgments were obtained against it, and, a sale being imminent under execution upon one of these judgments, certain other creditors filed a petition in bankruptcy. An answer was interposed denying insolvency, controverting the indebtedness to petitioning creditors, denying the making of written admission of insolvency, but admitting that a sale under execution upon a judgment was advertised, which the alleged bankrupt had not vacated or discharged five days before the date of sale.

Upon a reference to a special commissioner, the issues have been found in favor of the creditors. The special commissioner, while changing the amount somewhat, upholds the validity of the petitioning creditors' claims. He has inquired into the valuation of the alleged bankrupt's property, and reports that it was insolvent. The bankrupt questions the valuation as found by the commissioner, and it appears that the excess of liabilities over assets, at the time of the alleged act of bankruptcy, was not large. Certain options to purchase lands under water, which may in the future be of considerable value, were considered to be of no value by the special commissioner, and there is no reason to differ with his opinion that this option was then unsalable. The entire situation makes it apparent that if the officers of the bankrupt, who were also some of its creditors, had been in entire accord with all

of the stockholders, the property might have been saved; but with the disagreements existing, and judgments outstanding, it is apparent from the record that a forced sale would not have produced proceeds sufficient to meet the obligations of the corporation, nor did the assets exceed the liabilities at a fair market value—that is, at a value which the corporation might have realized on them for itself. In re Hines (D. C.) 144 Fed. 143. Since the date of the filing of the petition in bankruptcy, which was August 3, 1906, rent has been continually accruing, and the expenses of a receivership and a very long and voluminous reference have resulted, while the property has deteriorated.

There seems to be no legal reason for dismissal, and it is impossible to imagine that refusal to confirm the report at the present time could put the corporation upon its feet, or bring about any benefit equitably. Some time has been given to the parties to see if an arrangement could be effected, inasmuch as so few individuals are directly interested in the bankruptcy proceeding; but, nothing having been done, it is considered that the matter must be determined upon the strict lines of the issue as referred to the special commissioner, and as to that his opinion must be confirmed, and a decision rendered in favor of the creditors, and directing that an adjudication be had.